IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES LEE MACK                                                                                      PETITIONER

VS.                                                                      CIVIL ACTION NO.  3:14cv814-DPJ-FKB

RICK McCARTY                                                                                    RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action for a writ of federal habeas corpus pursuant to 28 U.S.C. § 2254 filed by James Lee Mack.  Presently before the Court is Respondent's motion to dismiss the petition for failure to exhaust state remedies.  Having considered the motion and Mack's response, the undersigned recommends that this matter be stayed so that Mack may exhaust his state court remedies.

Mack was convicted of capital murder and arson in the Circuit Court of Hinds County, Mississippi and was sentenced to a term of life for murder and 20 years for arson, the sentences to run consecutively.  He appealed his conviction, raising a single assignment of error: That the trial court had erred in preventing him from cross-examining the main prosecution witness, Dexter Walker, concerning Walker's prior armed robbery conviction.  The Mississippi Court of Appeals affirmed.  *Mack v. State*, 129 So.3d 230 (Miss. Ct. App. 2013).

Thereafter Mack filed in the supreme court an application for leave to proceed in the trial court with a motion for post-conviction relief (PCR) in which he asserted the impeachment claim he had raised on direct appeal and claims regarding the indictment, insufficiency of the evidence, and ineffective assistance of counsel.  The court found that

the claim regarding the impeachment of the state's witness was barred by res judicata and that the claims regarding the indictment and sufficiency of the evidence had been procedurally defaulted. Accordingly, those claims were dismissed. The court went on to state as follows:

> Finally, on the assertion of ineffective assistance of counsel, Mack fails to include supporting affidavits of facts or a sworn oath to support his assertions regarding the claims of counsel's deficient conduct. Miss. Code Ann. § 99-39-9. Therefore, this claim should be dismissed without prejudice.

[11-4] at 2.[1]

In his present petition, Mack raises all the same claims he included in his direct appeal and his PCR application.

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). A habeas petitioner has failed to meet the exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Respondent argues that because the state court dismissed Mack's ineffective assistance claims without prejudice, he still has the right to present those claims in a second PCR application.

The undersigned agrees that the implication of the order of the state supreme court is that the court will consider a second application raising his ineffective assistance claims if the application is properly supported. If this is the case, Mack has an available

---

[1]On June 13, 2014, Mack filed a document in the supreme court in which he argued that he should be allowed to proceed on those claims that the court had held to be procedurally barred. The court construed it as a motion for reconsideration, and, noting that motions for reconsideration are not allowed in PCR proceedings pursuant to Miss. R. App. P. 27(h), dismissed it on August 20, 2014.

remedy in state court, and his ineffective assistance claims remain unexhausted. Thus, his petition is a "mixed petition," *i.e.*, containing both exhausted and unexhausted claims, and would ordinarily be subject to dismissal unless Mack were to amend his petition to present only his exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Dismissal, however, would likely mean that Mack would have no federal remedy available once he completes his exhaustion in state court, because any future federal habeas petition will be time-barred pursuant to 28 U.S.C. § 2244(d). [2] Therefore, the undersigned concludes that this is an appropriate case for a stay and abeyance, rather than dismissal. Under *Rhines v. Weber*, 125 S.Ct. 1528 (2005), a federal court presented with unexhausted claims has the discretion in limited to circumstances to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court if the petitioner can show good cause for his failure to exhaust. Respondent argues that Mack has made no showing of good cause. The undersigned disagrees. Miss. Code Ann § 99-39-27(9) prohibits consideration of successive PCR applications, subject to a few limited

---

[2]Under § 2244(d), Mack had one year from the date his state conviction became final in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed PCR application was pending in state court. The court of appeals affirmed his conviction on October 29, 2013. He did not file a petition for rehearing, and therefore his state court conviction became final, for purposes of § 2244(d)(1)(A), when his 14-day period for doing so under Miss. R. App. P. 17(b) expired, *i.e.*, on November 12, 2013. He had one year from that date, or until November 12, 2014, in which to file a federal habeas petition, subject to tolling for any properly-filed state post-conviction application. Mack had a state court application pending for 67 days - from December 2, 2013, until February 6, 2014. Thus, his one-year period expired on January 18, 2015 (November 12, 2014, plus 67 days). (The period during which his current federal petition has been pending will not have tolled the statute for a future petition. *See Parker v. Johnson*, 220 F.3d 584, (5th Cir. 2000)).

exceptions not applicable here. Thus, Mack could reasonably have assumed that any second attempt to present his claims in state court would have been futile. This prohibition on the filing of a successive PCR application provides sufficient good cause for Mack's failure to file a second PCR application on his ineffective assistance claims.

For these reasons, the undersigned recommends that this action be stayed and held in abeyance so that Mack may exhaust his claims in state court, unless he chooses to dismiss his ineffective assistance claims from his petition.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of June, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE