UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES LEE MACK                                                                    PETITIONER

V.                                                       CIVIL ACTION NO. 3:14-CV-814-DPJ-FKB

RICK MCCARTY,
INTERIM COMMISSIONER
OF MISSISSIPPI DEPARTMENT
OF CORRECTIONS                                                                    RESPONDENT

ORDER

This habeas corpus proceeding is before the Court on Petitioner James Lee Mack's

Motion for Partial Summary Judgment [31] and the Report and Recommendation [34] ("R&R")

of United States Magistrate Judge F. Keith Ball. Judge Ball recommended dismissal, and Mack

objected. Pet'r's Obj. [35]. The Court finds that the R&R should be adopted as the Court's

opinion.[1]

Mack's Petition consists of five grounds for relief. *See* R&R [34] at 5 (listing grounds).

Judge Ball recommended dismissing all five, and Mack objects as to only the following three:

> 1.      He is being unconstitutionally held because the name and social security
> number on the indictment and on the sentence commitment notice are not his.
>
> 2.      The verdict was contrary to the weight of the evidence.
>
> 3.      His trial attorney, Faye Petersen, rendered ineffective assistance, in that
> she . . . failed to meet with Mack prior to trial and prepare a defense, and,
> therefore, failed to discover that he had been deemed by the state to be mentally
> disabled . . . .

*Id.*

---

[1] Mack objected to the R&R on January 2, 2018, in a letter his sister submitted on his behalf.
*See* Pet'r's Obj. [35]. He then filed a motion for more time to object, which the Court granted on
February 5, 2018, giving him until February 26 to supplement the objection. Mack submitted
nothing further before the deadline passed. The Court will therefore consider the objections it
received.

The Court adopts the R&R as to the grounds to which Mack offered no objection and takes his objections in sequential order.

Judge Ball first found that Grounds One and Two were procedurally defaulted in state court. *See* R&R [34] at 6 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). He is correct. But Mack now asserts the manifest-injustice exception to the default rule. Assuming this exception applies in the non-capital habeas context, Mack must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Otherwise, the claims are precluded.

Applied in this case, Mack fails to show he was actually innocent. At most, he argues that DNA and fingerprints belonging to other individuals were found in the house where the murder occurred. But as Judge Ball noted, witnesses testified that the house was abandoned and had been used by other people who could have left physical evidence. *See* R&R [34] at 10. The fingerprints and DNA were not exculpatory—especially in light of the other evidence—and Mack has otherwise failed to show that he was actually innocent of the crime. He cannot revive these defaulted claims, so the Court adopts Judge Ball's R&R as to Grounds One and Two.[2]

Mack next says Judge Ball erred in rejecting his claim that his trial attorney was ineffective for failing to discover Mack's alleged mental condition:

> The Magistrate suggests because the Petitioner had obtained his G.E.D. not before his arrest at or during the time of questioning that this would indicate that the Petitioner was capable of understanding information about his rights and the questions posed to him, and that he was likewise capable of reading and understanding the waiver of rights form and the typed statement.

---

[2] Mack says as to Ground One that the incorrect social-security number listed on his indictment has inhibited his ability to obtain medical treatment while incarcerated. That issue is beyond the scope of a habeas petition challenging his conviction and will need to be raised in a separate legal proceeding.

Pet'r's Obj. [35] at 4.

This particular objection strays from Mack's Petition, where he raised the issue of mental health as it regarded "[f]ailure of trial counsel to meet the defendant prior to trail . . . [and become] aware that the defendant has been deemed mentally disabled." Pet. [1] at 14–15. On that issue, Judge Ball found that counsel had met with Mack and his family and appeared to have "some reason to suspect that he suffered from bipolar disorder, because at the hearing on the motion to suppress, she asked Officer Jones whether his interview would have been affected had he known that Mack was bipolar." R&R [34] at 13. Nothing in Mack's Objection challenges Judge Ball's findings on this ground. Accordingly, the Court adopts Judge Ball's R&R on this claim as well. To the extent Mack intended to make a new argument regarding his mental health, it may be procedurally barred and otherwise comes too late in this proceeding.

Finally, Mack slips in a reference to the Eighth Amendment in his Objection. *See* Pet'r's Obj. [35] at 5. But that claim is not properly before the Court as Mack is raising it for the first time on objection to the R&R. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (holding that issues raised first in objections to magistrate judge's findings are "not properly before the district court"). This Court, therefore, will not further address this newly raised claim. *See id.*

In sum, the Court adopts Judge Ball's R&R in its entirety over Mack's Objection [35] and dismisses the Petition [1]. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 12th day of March, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

3